# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**SARETHA MAGEE**                                                      **PLAINTIFF**

**V.**                         **CIVIL ACTION NO.:**   3:23-cv-8-KHJ-MTP

**NATIONAL GENERAL MANAGEMENT CORP.**       **DEFENDANT**

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Saretha Magee, by and through her counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of her rights under the Age Discrimination in Employment Act of 1967 (ADEA), against Defendant National General Management Corp. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

## PARTIES

1. Plaintiff, Saretha Magee, is an adult female resident citizen of Forrest County, Mississippi, who is over the age of forty (40) and thus is a covered "employee" as defined by the ADEA.

2. Defendant, National General Management Corp, is a Delaware corporation with a principal office located at: 5630 University Parkway, Winston-Salem, North Carolina 27105. The Defendant may be served with process by serving its registered agent: Corporation Service Company, 2626 Glenwood Avenue, Suite 550, Raleigh, NC 27608.

## JURISDICTION AND VENUE

3. This Court has federal question and venue is proper in this Court.

1

4.  Plaintiff timely filed a Charge of Discrimination on April 6, 2022, with the EEOC, a true and correct copy of which is attached as Exhibit "A." On October 13, 2022, the EEOC issued a Dismissal and Notice of Rights, a true and correct copy is attached as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of her Dismissal and Notice of Rights.

5.  Plaintiff has been discriminated against because of her age in violation of the Age Discrimination in Employment Act.

## STATEMENT OF THE FACTS

6.  Plaintiff is a 57-year-old female resident of Forrest County, Mississippi.

7.  Plaintiff was hired on January 11, 2016, as an Insurance Agent at National General Management Corp (NGMC).

8.  Plaintiff possesses a professional license to work as an Insurance Agent.

9.  On or around April 3, 2020, Plaintiff was furloughed from her job due to the Covid-19 pandemic.

10. On May 18, 2020, HR Representative Brook LNU called and asked Plaintiff about returning to work.

11. Plaintiff responded to Ms. Brook that due to the pandemic, schools were remaining closed for the rest of the year.

12. For this reason, Plaintiff could not return to work because she was taking care of her two school-age grandchildren.

13. Ms. Brook responded that she understood and that she would reach back to Plaintiff later.

14. On June 22, 2020, Ms. Brook called Plaintiff again and asked her again about returning to work.

15. Plaintiff responded to Ms. Brook that the situation was the same and she still could not return to work.

16. During early July 2020, Ms. Brook called and notified Plaintiff that from that point on she (Plaintiff) would be taken off payroll but that she should contact NGMC when she was ready to return to her position.

17. Notably, Ms. Brook did not state that Plaintiff was terminated, nor was any synonym to that effect used.

18. In early 2021, Plaintiff began calling Ms. Brook about returning to work but Brook never returned Plaintiff's calls.

19. Beginning in July 2021, Plaintiff contacted Lead Agent Kyna Williams to address her intention to return to her position.

20. On November 15, 2021, Plaintiff texted Ms. Williams and stated, "Do you know who I need to reach out to for reemployment?"

21. Ms. Williams responded that Plaintiff needed to reapply online.

22. Plaintiff noticed that NGMC had posted a job opening for an Insurance Agent on two of NGMC's websites, i.e., www.directgeneral.com and www.nationalgeneral.com

23. In response, however, on November 30, 2021, Plaintiff received an email from NGMC stating, "After further review and careful consideration of your qualifications, we have determined that other candidates' qualifications more closely match our requirements."

24. So, between August and December 2021, Plaintiff completed an online application with Defendant multiple times for the position of Insurance Agent.

25. During that time, she noticed that there were more than one Insurance Agent positions available on the websites.

26. On January 26, 2022, Assistant District Manager Wendy Boteler called Plaintiff to find out if she was still interested in a job as an Insurance Agent.

27. Plaintiff responded that she was.

28. Ms. Boteler subsequently arranged a telephone interview on January 31, 2022.

29. On January 31, 2022, during the interview, Ms. Boteler stated that Plaintiff did not need to interview since she was already licensed and had worked for NGMC previously.

30. At the end of the interview, Ms. Boteler indicated that Plaintiff was being offered the position, but stated she would make a phone call and then get back in touch with Plaintiff.

31. Ms. Boteler then contacted District Manager Patsy Guthrie and told her (Ms. Guthrie) that she (Ms. Boteler) had filled the position.

32. However, when Ms. Guthrie learned that the proposed candidate was Plaintiff, Ms. Guthrie instructed Ms. Boteler not to rehire Plaintiff.

33. Plaintiff learned of this interaction later from Insurance Agent Brenda Parker.

34. On or around February 1, 2022, Plaintiff called Ms. Boteler to find out her (Plaintiff's) starting date for employment.

35. Ms. Boteler, however, made an excuse to get off the phone and after that she never made any further contact with Plaintiff.

36. Plaintiff has also learned that NGMC hired 30-year-old Tamesha Adams as an Insurance Agent in place of Plaintiff.

37. Ms. Adams has substantially less experience and fewer qualifications than Plaintiff.

38. On April 6, 2022, Plaintiff filed an EEOC Charge against NGMC for age discrimination.

39. On July 8, 2022, in response to Plaintiff's Charge, NGMC submitted a Position Statement to the EEOC.

40. The NGMC's Position Statement alleges that Plaintiff was terminated on July 1, 2020.

41. Plaintiff contends this is false.

42. On May 19, 2020, Ms. Williams texted to Plaintiff that Assistant District Manager Kevin Bailey had told Ms. Williams (on May 18, 2020) that Plaintiff could not be fired "due to the situation".

43. As stated above, HR Brook LNU informed Plaintiff that MGMC was taking Plaintiff off payroll (i.e., an indefinite leave of absence without pay) and she encouraged Plaintiff to notify them when she planned to return to work.

44. Regarding the interaction in late January 2022, when Ms. Boteler was instructed by Ms. Guthrie not to rehire Plaintiff for the position of Insurance Agent, the NGMC Position Statement alleges that this interaction never took place.

45. The Position Statement further alleges that there is no way Ms. Parker could not have known about such an interaction.

46. Plaintiff contends that Ms. Parker was a close friend to Ms. Boteler and that Ms. Boteler confided in Ms. Parker, who then told Plaintiff, that when Ms. Boteler told Ms. Guthrie about Plaintiff having applied for the Insurance Agent position, Ms. Guthrie immediately instructed Ms. Boteler to decline her (Plaintiff) from further consideration.

47. NGMC's Position Statement denies that Ms. Boteler made an excuse and got off the phone with Plaintiff as quickly as possible.

48. Rather, the Position Statement, alleges, she told Plaintiff they had decided to go in another direction.

49. Plaintiff contends that NGMC's depiction of events is false, and she maintains Ms. Boteler awkwardly got off the phone, as previously described.

50. NGMC's Position Statement alleges that Tamesha Adams had previously been working for NGMC and after having previously announced that she was leaving, she later changed her mind and decided to stay at NGMC.

51. Plaintiff contends this allegation does not adequately explain the multiple Insurance Agent positions that were posted online between August 2021 and early January 2022.

52. Even if Ms. Adams decided to return to her position, there were other positions available.

53. Furthermore, it appears likely that Ms. Adams' decision to return was so late in the process that her position was posted, in which case Plaintiff was theoretically allowed consideration as a candidate for the position.

6

54. Either way, Plaintiff contends that in contrast to the email she received on November 30, 2021, which alleged that "other candidates' qualifications more closely match [ed NGMC's] requirements", she (Plaintiff) possesses substantially more experience and qualifications than the candidates selected.

55. Moreover, Plaintiff contends that Ms. Adams and likely the other candidates selected during that time are substantially younger than she (Plaintiff) is.

## CAUSE OF ACTION

## COUNT I:  VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

56. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 55 above as if fully incorporated herein.

57. Based upon the facts as detailed above, Defendant has discriminated against Plaintiff because of her age which constitutes is a violation of the Age Discrimination in Employment Act.

58. As a direct result, Plaintiff has suffered significant lost wages, commissions, benefits and other pecuniary losses.

59. The unlawful actions of Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff thus entitling Plaintiff to liquidated damages.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages and commission;
2. Reinstatement or front pay in lieu of reinstatement;

3. Liquidated damages;
4. Lost benefits;
5. Tax gross-up and all make whole relief:
6. Pre-judgment and post-judgment interest;
7. Attorney's fees;
8. Costs and expenses; and
9. Any other relief to which she may be properly entitled under the ADEA.

THIS the 6th day of January 2023.

Respectfully submitted,

SARETHA MAGEE, PLAINTIFF

By: /s/Louis H. Watson, Jr.
Louis H. Watson, Jr. (MB# 9053)
Nick Norris (MB#101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, Mississippi 39232-9212
Phone: (601) 968-0000
Fax: (601) 968-0010
Email: louis@watsonnorris.com
nick@watsonnorris.com